UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARA FOLLESE,

    Plaintiff,

v.                                                           Case No: 2:18-cv-40-FtM-99MRM

JASSAS CAPITAL LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint or, in the Alternative, for a More Definite Statement (Doc. 20) filed on March 9, 2018. Plaintiff filed a Response in Opposition (Doc. 22) on March 9, 2018. For the reasons set forth below, the Motion is denied.

## **Background**

This is a Title VII racial discrimination case brought by Plaintiff Tara Follese against Jassas Capital LLC, which operates a hotel known as the Best Western Airport Inn in Fort Myers, Florida. (Doc. 7). Plaintiff, who is Caucasian, alleges that in May 2014, Defendant hired her to work as a housekeeper at the hotel. (*Id.*) When Plaintiff appeared for work the first day, she was told by the supervisor of housekeeping, Blanca Briones, who had

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

spoken with hotel manager, Jose Carvalho, that she was terminated because she was not Hispanic and did not speak Spanish. (*Id.*) Plaintiff brought her grievance to the Equal Employment Opportunity Commission who, after conciliation efforts failed, issued Plaintiff a Notice of Right to Sue Letter (Doc. 20-1) on October 19, 2017.[2]

Plaintiff initially filed this lawsuit on January 17, 2018 against Best Western International, Inc., which is exactly 90 days after the Notice of Right to Sue Letter was issued. (Doc. 1). Prior to serving Best Western International, Inc., Plaintiff discovered that the true owner of the hotel was Jassas Capital LLC; therefore, Plaintiff amended her Complaint on January 29, 2018 to reflect the name change, but made no substantive changes to her allegations. Defendant now moves to dismiss the Amended Complaint as time barred because it was filed more than 90 days after Plaintiff received her right-to-sue letter from the EEOC and the filing does not relate back to the original filing date. Plaintiff responds that the filing should relate back because Plaintiff's counsel was under the mistaken impression that Best Western International owned the hotel and the mistake was remedied prior to service.

## **Standard**

A motion to dismiss for failure to exhaust administrative remedies is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). "In order to file a judicial complaint under Title VII, a plaintiff must first administratively exhaust any claims by filing a charge with the EEOC." *Francois v. Miami Dade Cnty.*, 432 F. App'x 819, 821 (11th Cir. 2001) (citations omitted). Once a plaintiff receives a notice of right to sue letter

---

[2] Plaintiff does not state when she received the Notice of Right to Sue Letter.

2

from the EEOC, she has 90 days to file a complaint.  See 42 U.S.C. § 2000e–5(f)(1); *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007).  A Title VII plaintiff bears "the burden of proving all conditions precedent to filing suit[.]"  *Id.*  Once defendant contests the issue, plaintiff bears the burden of establishing that the lawsuit was timely filed.  *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002).

An amendment relates back to the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Under Federal Rule of Civil Procedure 15(c)(1)(C), an amendment changing the name of the party against whose a claim is asserted will relate back to the original complaint if, within the period provided for serving the summons and complaint: (1) Section (c)(1)(B) is satisfied; (2) defendant will not be unfairly prejudiced; and (3) defendant knew or should have known that it would be called upon to defend against claims asserted by the newly-added plaintiff.  Thus, Rule 15(c) requires consideration of both prejudice and notice when adding a party.

## Discussion

Defendant argues that Plaintiff knew Jassas Capital LLC's identity from the EEOC proceedings at the time she filed the initial Complaint, and thus there was no mistake concerning the proper party's identity.  Plaintiff responds that at the time she filed the initial Complaint, she assumed the hotel was owned and operated by Best Western International, but that counsel later learned that the Best Western name is licensed to hotel operators.  Plaintiff filed the Amended Complaint as soon as her counsel became aware of the mistake.

3

Here, Plaintiff's claims in the Amended Complaint clearly arose from the same set of facts as Plaintiff's claims in the original, timely Complaint. Indeed, Plaintiff did not change any of the substantive allegations in the Amended Complaint, and only changed the named defendant prior to service. The Court also finds that because it was a party to the EEOC proceedings, relation back will not unfairly prejudice Jassas Capital LLC as it knew or should have known that claims would be asserted against it. Moreover, *Hodge v. Orlando Utils. Comm'n*, No. 6:09-cv-1059-Orl-19DAB, 2009 WL 5067758 (M.D. Fla. Dec. 15, 2009), a case relied on by Defendant, does not compel a different result. In *Hodge*, the court found that the "amended complaint cannot relate back to the initial compliant where the plaintiff knew the identity of the newly-named party at the time the initial complaint was filed and deliberately chose not to sue that party in the initial complaint." *Id.* at *6. That is not the case here. The EEOC Right to Sue Letter does not demonstrate Plaintiff counsel's knowledge of Jassas Capital LLC's identity as the party to the Charge was "Best Western Airport Inn." (Doc. 20-1). Jassas Capital LLC is not referenced in the EEOC documents and Plaintiff's counsel was only retained a few days prior to the filing of the Complaint in this case and did not represent Plaintiff at the EEOC stage. Therefore, the Court finds that relation back is proper.

Alternatively, Defendant moves for a more definite statement because Plaintiff has failed to demonstrate a causal connection between the hotel manager Jose Carvalho, who is employed by Hospman LLC, and Jassas Capital LLC. Plaintiff responds that an officer of Hospman LLC defended the EEOC proceedings, establishing that a connection does exist. Plaintiff also states that she has a basis to amend her complaint to add Hospman LLC as a party.

Federal Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Therefore, when a defendant is faced with a complaint where it is "impossible to know which allegations of fact are intended to support which claims(s) for relief," a defendant may turn to Rule 12(e) to require a plaintiff to file an amended pleading with a more definite statement. *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

Here, the Court finds that Plaintiff's allegations are not so vague and ambiguous as to preclude Defendant's ability to frame a responsive pleading. To the extent Plaintiff wishes to amend her complaint, she may file a motion requesting leave to do so in compliance with the Federal and Local Rules.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Amended Complaint or, in the Alternative, for a More Definite Statement (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of March, 2018.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record