UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARA FOLLESE,

      Plaintiff,

v.                                      Case No: 2:18-cv-40-FtM-99MRM

JASSAS CAPITAL LLC and
HOSPMAN, LLC,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants Hospman, LLC's and Jassas Capital, LLC's Motions for Summary Judgment (Docs. 47, 52). Plaintiff filed a Response in Opposition (Doc. 49) to Hospman's Motion and filed a Motion for Relief Under Rule 56(d) (Doc. 54) in response to Jassas' Motion, arguing that she needs more discovery in order to respond adequately to the Motion for Summary Judgment. For the reasons set forth below, the Motions for Summary Judgment are denied without prejudice and Plaintiff's Rule 56(d) Motion is granted.

## **BACKGROUND**

This is a Title VII racial discrimination case brought by Plaintiff Tara Follese against Jassas Capital LLC and Hospman, LLC, which have an interest in a hotel known as the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Best Western Airport Inn in Fort Myers, Florida. (Doc. 28). Plaintiff, who is Caucasian, alleges that in May 2014, Defendant hired her to work as a housekeeper at the hotel. (*Id.*) When Plaintiff appeared for work the first day, she was told by the supervisor of housekeeping, Blanca Briones, who had spoken with hotel manager, Jose Carvalho, that she was terminated because she was not Hispanic and did not speak Spanish. (*Id.*) Plaintiff brought her grievance to the Equal Employment Opportunity Commission who, after conciliation efforts failed, issued Plaintiff a Notice of Right to Sue Letter (Doc. 20-1) on October 19, 2017.[2]

Plaintiff initially filed this lawsuit on January 17, 2018 against Best Western International, Inc., exactly 90 days after the Notice of Right to Sue Letter was issued. (Doc. 1). Before serving Best Western International, Inc., Plaintiff discovered that the true owner of the hotel was Jassas Capital LLC; therefore, Plaintiff amended her Complaint on January 29, 2018 to reflect the name change but made no substantive changes to her allegations. Jassas Capital moved to dismiss the Amended Complaint as time barred because it was filed more than 90 days after Plaintiff received her right-to-sue letter from the EEOC and the filing does not relate back to the original filing date. The Court denied dismissal, finding that the Amended Complaint against Jassas Capital related back because Plaintiff's counsel was under the mistaken impression that Best Western International owned the hotel and the mistake was remedied before service. (Doc. 23).

Plaintiff filed a Second Amended Complaint on April 17, 2018 naming Hospman, LLC as a Defendant for the first time. (Doc. 28). Hospman performs management services at the hotel including the hiring and firing of employees such as Plaintiff. (Doc.

---

[2] Plaintiff does not state when she received the Notice of Right to Sue Letter.

28, ¶ 4). Plaintiff states that she discovered Hospman's identity for the first time from Jassas Capital's Motion to Dismiss. In that Motion, Jassas stated that Plaintiff was not employed by Jassas but was "employed by an independent management company being Hospman, LLC." (Doc. 26, ¶ 3). Plaintiff alleges that Defendants are jointly liable for the Title VII violations on either an integrated enterprise or joint employment theory, or because Hospman is an agent of Jassas Capital in employment matters. (*Id.*, ¶ 5). Notably, discovery does not close until April 3, 2019 (Doc. 33) and there is a pending Motion to Compel Discovery (Doc. 42) filed by Plaintiff on November 2, 2018. The dispositive motion deadline is May 3, 2019. (Doc. 33).

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of showing that no genuine issues of material fact remain. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).

In reviewing a motion for summary judgment, the court views the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. See *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the

evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citation omitted).

Rule 56(d) expressly provides that the Court may deny a motion for summary judgment if a non-movant shows by affidavit that "it cannot present essential facts to justify its opposition." Fed. R. Civ. P. 56(d). Even so, the Eleventh Circuit has held that the filing of an affidavit is not required to invoke the protection of the rule. *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988). The party opposing the motion for summary judgment bears the burden of alerting the Court to any outstanding discovery, but a written representation by the party's lawyer still falls within the spirit of the rule, and "[f]orm is not to be exalted over fair procedures." *Id.* (citation omitted). The Eleventh Circuit has cautioned that "summary judgment may only be decided upon an adequate record." *Id.* at 870 (quoting *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)).

Rule 56 requires adequate time for discovery before entry of summary judgment. *Celotex Corp.*, 477 U.S. at 322. Entry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error. *See WSB-TV*, 842 F.2d at 1269. A party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery to determine whether it may furnish opposing affidavits. *Snook*, 859 F.2d at 870. Ruling on the merits of a case in which a motion for summary judgment has been prematurely filed would frustrate the non-movant's right to investigate factually. *Blumel v. Mylander*, 919 F. Supp. 423, 429 (M.D. Fla. 1996).

4

## DISCUSSION

### A. Hospman's Relation Back Argument

Although titled a Motion for Summary Judgment, Hospman makes the same argument as its co-defendant that Plaintiff's claim against it *should be dismissed* because it was asserted beyond the 90-day time period after Plaintiff received the Notice of Right to Sue letter from the EEOC and does not relate back to the original filing date. (Doc. 47, ¶ 71).

Rule 15(c) of the Federal Rules of Civil Procedure governs the "relation back of amendments," or the circumstances in which an amendment will be treated as though it was filed on the date of the original pleading. Fed. R. Civ. P. 15(c). "An amendment of a pleading relates back to the date of the original pleading when...the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). If the new claims relate back to the original claims, the court considers the new claims as having been filed at the time of the original complaint. *See Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285 (11th Cir. 2000) *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154 (2010). "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The Supreme Court has held that amendments can relate back, and thus avoid a statute of limitations bar, "even though the amendment invoked a legal theory not suggested by the original complaint and relied on facts not originally asserted." *Id.* (citation omitted). "[R]elation back depends on the existence of a common 'core of

operative facts' uniting the original and newly asserted claims." *Id.* at 659 (citations omitted). Rule 15(c) requires consideration of both prejudice and notice when adding a party.

Hospman's argument fails for the same reasons that the Court found in denying dismissal of Jassas Capital. (Doc. 23). It is clear from the documentation submitted by the parties that Defendants' corporate structure and their inter-relatedness was not immediately apparent to Plaintiff when she filed the EEOC charge nor to her counsel when suit was filed, and the Second Amended Complaint clearly arises from the same conduct and occurrences on which the original claims were made. Thus, Hospman's Motion is denied on this basis.

### B. Unlawful Employment Practice

Both Hospman and Jassas Capital argue that neither them nor their agents committed an unlawful employment practice towards Plaintiff as both claim that they did not hire nor fire Plaintiff and neither is liable under an "agency" theory of liability. (Doc. 47, ¶ 74; Doc. 52, ¶¶ 32(m) & 65). Hospman also argues that Blanca Briones had no authority to hire or fire Plaintiff and her actions were outside the scope of her employment. (Doc. 47, ¶¶ 74-97). Both Defendants submitted the Affidavit of their Chief Financial Officer, Jag Pathirana (Doc. 47-11; Doc. 52-5) in support. Plaintiff responds that she has had difficulty identifying her actual employer but contends that Defendants are joint employers and discovery on Defendants' interrelatedness is pending before the Court, justifying that the Court delay its consideration of summary judgment until adequately discovery has taken place. (Doc. 42).

A Title VII case may be brought only against an "employer." Title VII defines an employer as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 2000e(b). The term "employer" is to be interpreted liberally. *See Lyes v. City of Riviera, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999).

The Eleventh Circuit recognizes three doctrines by which an employee may assert a Title VII claim against an entity that is not her "recognized employer": (1) the "single employer" theory, where the operations of two entities are so entwined that they function as a single employer; (2) the "joint employer" theory, where two entities contract for a specific task but one of the entities exercises control over the employees of the other; or (3) the "agency" theory, where an employer delegates sufficient control over employees to a third party. *Lyes*, 166 F.3d at 1341. At this point in the case, without the benefit of complete discovery, Plaintiff is asserting a "joint employer" or "agency" theory. These theories focus on "the degree of control an entity has over the adverse employment decision on which the Title VII suit is based." *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998). In *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172 (11th Cir. 2012), the Eleventh Circuit evaluated an alleged joint employer relationship using these eight factors: (1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and

the payment of wages; (6) ownership of facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities.

Here, Defendants' Motions are premature as the parties have not had adequate time to exchange discovery on the extent to which Defendants had interrelated operations when Plaintiff was hired. It is clear from the Court's review of the briefing and supporting documentation that further discovery is needed before the Court can adequately evaluate the factors to determine whether Defendants were joint employers or whether Defendants may be liable under some sort of agency theory. Specifically, it is unknown what degree of control either Defendant exerted over Blanca Briones when she hired Plaintiff and which entity controlled what aspects of the business operations. These are fact issues that have not yet been adequately developed. Indeed, there are outstanding discovery requests on this these issues. If the Court were to rule on the merits of Defendants' Summary Judgment Motions, such ruling would frustrate Plaintiff's right to factually investigate and rebut the claims. Rule 56 explicitly affords the non-moving party the opportunity to conduct discovery and refute the allegations. Thus, the Court denies the Motions without prejudice to re-filing after the parties have had sufficient opportunity to engage in discovery.

Accordingly, it is now

**ORDERED:**

(1) Defendant Hospman, LLC's Motion for Summary Judgment ([Doc. 47](Doc. 47)) is **DENIED** to the extent it argues that Plaintiff's claim is time barred and is otherwise **denied without prejudice**.

(2) Defendant Jassas Capital, LLC's Motion for Summary Judgment (Doc. 52) is **DENIED without prejudice**.

(3) Plaintiff's Motion for Relief Under Rule 56(d) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of January, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record